IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GREEN PARTY OF GEORGIA and CONSTITUTION PARTY OF GEORGIA, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:12-CV-1822-RWS |
| v. | : : | |
| STATE OF GEORGIA and BRIAN KEMP, Georgia Secretary of State, | : : : : | |
| Defendants. | : | |

**ORDER**

This case is before the Court for consideration of Defendants' Motion to Dismiss [4]. After reviewing the record, the Court enters the following Order.

Plaintiffs filed the present action asserting that each is a political organization or "body" registered under O.C.G.A. § 21-2-110 and § 21-2-113 "desiring to be a qualified party for the purposes of having its candidate put on the 2012 Presidential Ballot in Georgia." Compl. [1], ¶ 3. Each of the Plaintiffs alleges that it "meets all the statutory requirements to place its presidential candidate on the ballot except for the petition requirements of O.C.G.A. § 21-2-

170." Id.  That provision requires that "[a] nomination petition of a candidate seeking an office which is voted upon statewide shall be signed by a number of voters equal to 1 percent of the total number of registered voters eligible to vote in the last election for the filling of the office the candidate is seeking. . .." O.C.G.A. § 21-2-170(b).  Plaintiffs allege that "[t]hese signature requirements are in excess of those that satisfy constitutional standards and unduly infringe upon the constitutional rights of the Plaintiffs to participate in the electoral process."  Compl., ¶ 18.  Thus, Plaintiffs pray that the Court will declare this statutory scheme unconstitutional and order "that the Plaintiffs be placed on the 2012 Presidential Ballot in Georgia.  Id. at p.5.

Defendants move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129, S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Challenges to Georgia statutory scheme similar to those asserted by Plaintiffs have been unsuccessful in the past. Jenness v. Fortson, 403 U.S. 431 (1971) (upholding the 5 percent petition requirement under Georgia law); Cartwright v. Barnes, 304 F. 3d 1138 (11th Cir. 2002) (upholding 5 percent petition requirement under Georgia law); Coffield v. Kemp, 599 F. 3d 1276 (11th Cir. 2010) (upholding Georgia's 5 percent petition rule as not "too

3

burdensome"). In each of these instances, the Courts held that the requirement under O.C.G.A. § 21-2-170 for a petition containing at least 5 percent of the registered voters for certain elections was not unconstitutional. Accordingly, the Court concludes that the requirement that a petition contain 1 percent of the registered voters would not be unconstitutional. Therefore, Plaintiff's Complaint is due to be dismissed.

Based on the foregoing, Defendants' Motion to Dismiss [4] is hereby **GRANTED**. Plaintiffs' Motion to Expedite Proceedings [6] and Motion for Summary Judgment [7] are **DENIED AS MOOT**.

**SO ORDERED**, this   17th   day of July, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE