LAUGHLIN MCDONALD
*SPECIAL COUNSEL AND*
*DIRECTOR EMERITUS*
VOTING RIGHTS PROJECT

**ACLU**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
2700 INTERNATIONAL TOWER
229 PEACHTREE STREET, NE
ATLANTA, GA 30303
T/404.500.1235
F/404.565.2886
LMCDONALD@ACLU.ORG
WWW.ACLU.ORG

March 16, 2016

Via email only to:
Ellen_Clark@gand.uscourts.gov

Hon. Richard W. Story
Judge, U.S. District Court
Northern District of Georgia
2121 United States Courthouse
75 Spring Street, SW
Atlanta, Ga. 30303

Re: Green Party, et al. v. Brian Kemp, CA No. 1:12cv01822-RWS

Dear Judge Story:

The Plaintiffs believe only a minimal number of signatures is needed to comply with O.C.G.A. § 21-2-170 in order for a person not affiliated with a recognized political party to be listed as a presidential candidate. Although Plaintiffs are not in complete agreement over what the number of signatures should be, they do agree that signatures in excess of 5,000 should not be required. They base their view upon the record before the Court showing the burdens imposed by Georgia's signature requirement, the experiences of other states, and the applicable case law. And as Tom Yager noted in his Affidavit, Doc. 76-4, p. 3, para 7: "It is only when petition requirements are 2,000 or fewer signatures that the number of Presidential candidates on the general election ballot increases significantly. Even in the 11 states with a signature requirement of between 275 and 2,000 signatures, the overall average number of candidates is 7.5, and the number of candidates never exceeds 10 on any general election ballot between 2000 and 2012."

*Stein v. Ala. Secretary of State*, 774 F.3d 689, 693-94 (11th Cir. 2014), cited by Defendant, is distinguishable from this case for several reasons. First, the issue in *Stein* was not whether a signature requirement was unconstitutional but whether "Alabama's ballot access laws discriminate against presidential candidates of unrecognized parties, like Stein and Johnson, by imposing an early March deadline to appear on the ballot with their party label, while permitting independent presidential candidates to meet the less onerous September deadline to appear on the ballot." Second, the court of appeals affirmed the decision of the district court because "we conclude that the Plaintiffs did not present evidence showing that the legitimate, non-discriminatory reasons for the State's restrictions on petition-based ballot access

unconstitutionally burdens their associational rights." *Id.*, at 691. The record here, by contrasts, shows the burdens on Plaintiffs' constitutional rights imposed by Georgia's signature requirements are so severe that no minor party has qualified a presidential candidate for statewide ballot access by petition since Pat Buchanan in 2000. Third, independent candidates can get on the presidential ballot in Alabama with only 5,000 signatures. *Id.,* at 692. Fourth, the presidential nominees of the Green Party (Jill Stein) and the Constitution Party (Virgil Goode) did appear on the Alabama November 2012 ballot because they were able to get the 5,000 signatures to use the independent procedure.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Thank you for giving Plaintiffs the opportunity to comment on the issue of remedy.

Sincerely,

*Laughlin McDonald*

Laughlin McDonald

cc: Cristina Correia (via email)